OPINION
{¶ 1} Appellant Mable B. Kelley appeals from an order of the Montgomery County Common Pleas Court, Probate Division, finding her incompetent to manage her own affairs, and appointing a guardian for her. Kelley contends that the finding of incompetency is erroneous.
 {¶ 2} The trial court's finding of incompetency was based upon a finding made *Page 2 
by a magistrate to which no objection was made, thereby precluding reversal on appeal for anything except plain error. There is evidence in the record to support the finding. Accordingly, the order from which this appeal is taken is Affirmed.
 I {¶ 3} Kenneth E. Kelley applied for his appointment as the guardian of the person and estate of his mother, Mable B. Kelley, whom he alleged to be incompetent. The matter was heard before a magistrate, who made certain findings, including the following:
 {¶ 4} "I. Kenneth E. Kelley filed an application alleging that Mable B. Kelley is incompetent due to mental illness caused by Alzheimer's disease.
 {¶ 5} " * * *
 {¶ 6} "V. Mable Kelley is incompetent by clear and convincing evidence due to Alzheimer's and that the illness renders her unable to make proper decisions and is in need of a guardian of her person and estate.
 {¶ 7} " * * *
 {¶ 8} "IX. The medical evidence before the Court indicates that Mable Kelley is incompetent. The Statement of Expert Evaluation completed by Dr. Angela Long-Prentice states that Mable Kelley suffers from mental impairment, specifically long and short-term memory loss, impaired judgment, and constructional difficulty. The statement further indicates that Mable Kelley scored an 18 of 30 possible on the Mini Mental State Exam in April 2006 and has progressively worsened to a 14 of 30 on the same test in June of 2007. Dr. Long-Prentice further stated that Mable Kelley could *Page 3 
not answer questions regarding date, month, or season. Dr. Long-Prentice opinioned [sic] that Mable Kelley could not handle her activities of daily living or her finances and property and recommended the Court appoint a guardian.
 {¶ 9} " * * *
 {¶ 10} "XVI. That Kenneth Kelley has filed proof of a proper bond with this Court, has executed his Oath of Guardian acknowledging the fiduciary duties required by Ohio law and this Court, and is therefore a suitable and competent person to serve as the guardian of the person and estate."
 {¶ 11} The magistrate recommended that Kenneth Kelley be appointed guardian of Mable Kelley's person and estate. The trial court adopted this recommendation as its own order, filed November 5, 2007, subject to the fourteen-day objection period provided in Civ. R. 53. The trial court noted that the magistrate's decision and the trial court's order were both filed on November 5, 2007.
 {¶ 12} No objection was filed. Mable Kelley appeals from the order appointing Kenneth Kelley as the guardian of her person and estate.
 II {¶ 13} Mable Kelley's sole assignment of error is as follows:
 {¶ 14} "THE COURT ERRED BY RULING THE APPELLANT IS INCOMPETENT."
 {¶ 15} From the brief in support of her assignment of error, it is clear that Mable Kelley is challenging the factual finding that she is incompetent to manage her own affairs. *Page 4 
 {¶ 16} Kenneth Kelley, in response, points out that Civ. R. 53(D)(3)(b)(iv) precludes all but plain error where an order from which an appeal is taken has adopted a decision of a magistrate, and no objection has been made to the magistrate's decision.
 {¶ 17} It is apparent from the transcript of the proceedings before the magistrate that the putative ward, Mable Kelley, was agreeable to the establishment of the guardianship at the time of the hearing:
 {¶ 18} "THE COURT: Okay. And you understand that Kenneth is going — wants — is asking the Court to appoint him as your guardian? So, that he can take care of your personal things, and take care of your checks and things like that?
 {¶ 19} "THE WARD: Yes.
 {¶ 20} "THE COURT: Okay. Are you all right with that?
 {¶ 21} "THE WARD: Yes.
 {¶ 22} "THE COURT: Okay. What did she say to you, Mr. Cline?
 {¶ 23} "MR. CLINE [representing Mable Kelley]: We were hoping for Connie [Wright] to get her okayed by the bonding company.
 {¶ 24} "THE COURT: Okay.
 {¶ 25} "MR. CLINE: And we cannot get Connie okayed.
 {¶ 26} "THE COURT: Connie could still be guardian of the person that is a possibility.
 {¶ 27} "MR. CLINE: Right. But she wants — umm — the applicant Kenneth to be the guardian of the estate and the person right now. Do you want him to be — you want Kenneth, you want in the family, right? *Page 5 
 {¶ 28} "THE WARD: Who in the family, Kenny?
 {¶ 29} "MR. CLINE: Right.
 {¶ 30} "THE WARD: Yea, he in the family.
 {¶ 31} "MR. CLINE: Right. And she wanted in the family and Kenneth is the next person.
 {¶ 32} "THE COURT: Well, what we can do today is proceed on Kenneth. And then once the family gets this all straightened out, if Kenneth wants to resign as to person, and Connie Wright wants to take over as to the person then that could happen.
 {¶ 33} "MR. CLINE: Right.
 {¶ 34} "THE COURT: Okay. All right. Mable you want Kenneth to be your guardian?
 {¶ 35} "THE WARD: What you're not going to let Connie be it?
 {¶ 36} "THE COURT: She can't be bonded. The insurance company won't bond her. And she has to be bonded. There are two different types of guardians. There's one of your person, which is like your medical affairs. And there's one of your estate. Okay. They are two different people. Connie can do one and Kenneth can do the other, if they want. But Connie hasn't submitted the paperwork to us to do that. So, what I'm telling counsel is what we can do for today would be appoint Kenneth to both of those positions and then once things are worked out, he can go ahead and say I don't want to be guardian of the person any more. If that's the way things go and then Connie could take over as person only. He would still manage your business affairs. *Page 6 
 {¶ 37} "THE WARD: I guess so, then."
 {¶ 38} The magistrate had before her the report of Dr. Angela Long-Prentice, which is part of the record. Dr. Long-Prentice answered the question on the form whether Mable Kelley was capable of managing her finances and property in the negative, indicated that Mable Kelley's condition was neither "stabilized" nor reversible, and expressed the opinion that a guardianship should be established. Under the section of her report entitled "Additional Comments," Dr. Long-Prentice added the following:
 {¶ 39} "The patient fails to recognize family members, has problems taking medications properly, her mini mental status scores are progressively worsening. She was only able to recall 2 of 3 objects when repeating back to the examiner. And not able to recall any of the 3 objects minutes later when asked to do so. Unable to copy geometric shapes correctly on test. Has run out of medications prematurely due to taking them incorrectly.
 {¶ 40} "Of great concern is the report from the patient's family that the patient has redrawn up her will, signed over social security checks, etc. This patient is not mentally capable of managing her finances and is therefore very vulnerable to being taken advantage of financially. Her medical condition will not improve, in fact her cognitive functioning will most likely deteriorate progressively until her death."
 {¶ 41} Dr. Long-Prentice's conclusions are not rebutted in the record.
 {¶ 42} We conclude that the trial court's finding that Mable Kelley is not able to manage her own affairs does not constitute plain error. There is evidence in the record to support this finding, by a clear and convincing standard of proof. *Page 7 
 {¶ 43} Mable Kelley's sole assignment of error is overruled.
 III {¶ 44} Mable Kelley's sole assignment of error having been overruled, the order of the trial court from which this appeal is taken is Affirmed.
BROGAN and GRADY, JJ., concur.
Copies mailed to:
 Hon. Alice O. McCollum *Page 1